IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE: MOTION TO QUASH KROGER COMPANY SUBPOENA TO UNITED FOOD AND COMMERCIAL WORKERS, LOCAL 400, PURSUANT TO FRCP 45 | Case No. _____ |

**MEMORANDUM OF LAW IN SUPPORT OF**
**NONPARTY LOCAL 400'S MOTION TO QUASH**

1. **Legal Standard**

As set forth in FRCP 45(c)(1)(A), a subpoena may only command a person to attend a deposition "within 100 miles of where the person resides, is employed or regularly transacts business in person." And FRCP 45(c)(3)(ii) requires that a court must modify or quash a subpoena that "requires a person to comply beyond the geographical limits specified in Rule 45(c)." A motion to quash filed under FRCP 45(c)(3)(A)(ii) must be filed in "the court for the district where compliance is required." FRCP 45(c)(3)(A).

2. **Kroger's Subpoena Improperly Seeks to Compel Non-Party Local 400 To Appear At A Deposition Well Over 100 Miles From Where Local 400 Transacts Business**

Kroger's subpoena, a copy of which is attached hereto as Exhibit 1, seeks to compel non-party United Food and Commercial Workers, Local 400's ("Local 400"), attendance at a deposition at 767 Fifth Avenue, New York, New York 10153 on May 30, 2024. That third-party subpoena was issued to Local 400 in *FTC, et al. v. Kroger Company and Albertsons Companies*, Civil Action No. 3:24-cv-00347-AN (D. Oregon), an antitrust case pending in the U.S. District Court for the District of Oregon.

As Kroger is well aware and as Local 400's Bylaws demonstrate (attached hereto as Exhibit 2), Local 400 is a labor organization headquartered in Landover, Maryland. Local 400's bylaws are publicly accessible online on the United States Department of Labor's website. Local 400's jurisdiction extends only as far north as Montgomery and Prince George's County, Maryland. Even the northernmost portions of these two counties are approximately double the distance of the geographical limit set forth in FRCP 45(c)(1)(A). As a result, Kroger's subpoena clearly fails to meet the requirements of FRCP 45.

3. **Conclusion**

Because Kroger's subpoena calls on a Local 400 representative to testify outside of the geographical limits set forth in FRCP 45, it is defective. Local 400 therefore respectfully requests that this Court quash the subpoena and has attached a proposed Order for the Court's convenience.

Dated: May 29, 2024

Respectfully submitted,

/s/ Nicholas J. Jackson
Nicholas J. Jackson
Bar No. 5524830
Handley Farah & Anderson PLLC
33 Irving Pl.
New York, NY 10003
Telephone: 347-826-1308
Email: njackson@hfajustice.com
*Counsel to Nonparty Local 400*

John Durkalski
(Pro Hac Vice Forthcoming)
Jonathan Cakmakci
(Pro Hac Vice Forthcoming)
Butsavage & Durkalski, P.C.

1920 L Street NW, Ste 301
Washington, DC 20036
Telephone: 202-861-9700
Email: jdurkalski@butsavage.com
*Counsel to Nonparty Local 400*